**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **LEANDRO PUPO RICARDO,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1996-J** |
| | ) | |
| **MARKWAYNE MULLIN,** | ) | |
| | ) | |
| **Respondent.** | ) | |

# REPORT AND RECOMMENDATION

Petitioner Leandro Pupo Ricardo, a noncitizen[1] and Cuban national proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). United States District Judge Bernard M. Jones, II referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 3. The undersigned set an expedited briefing schedule, Doc. 5, and the Petition is at issue. For the reasons set forth below, the undersigned recommends that the Court grant the Petition, Doc. 1, in part and order Respondent to release Petitioner immediately subject to an appropriate order of supervision.

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

## I. **Background**

Petitioner, a citizen of Cuba, entered the United States at an unspecified time before February 12, 2026. Pet. at 4.[2] He alleges he was paroled into the United States "through the Law of Adjustment of Cuba," *id.* at 2, which the undersigned understands to reference the Cuban Adjustment Act of 1966. On February 12, 2026, ICE detained Petitioner while he was attending an appointment at an ICE office. *Id.* at 2, 6. The undersigned presumes ICE placed Petitioner into removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a through a Notice to Appear.[3]

Respondent contends Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2)(A) but acknowledges that *Santillan Quiroz* "control[s]." Resp. at 1 & n.1. Petitioner does not indicate he requested a bond hearing. Such a request, though, would likely be futile because all Immigration Judges ("IJs") are subject to the binding precedent of *Matter of Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025), which holds those noncitizens who entered the country without admission or parole are ineligible for a bond hearing.

An IJ terminated Petitioner's removal proceedings on March 4, 2026. *See* EOIR, Automated Case Information, *at* https://acis.eoir.justice.gov/en/ (last visited Sept. 16,

---

[2] Citations to the Petition, Doc. 1, utilize the CM/ECF page numbers from the document's header.

[3] Neither party provides significant information about Petitioner's immigration and detention background. Accordingly, the undersigned presumes certain facts based on Petitioner's current detention and Respondent's acknowledgement that he is entitled to a bond hearing under *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1235-49 (10th Cir. 2026). *See* Resp. at 1.

2026). The IJ's decision was appealed to the Board of Immigration Appeals the following day, and the appeal is currently pending. *Id.*

When Petitioner filed his Petition, he was detained at Cimarron Correctional Facility in Cushing, Oklahoma. Pet. at 1. He remains detained there. *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited Sept. 16, 2026).

## II. Petitioner's Claims

Petitioner asserts four counts in his Petition.

- **Count I: Violation of Due Process.** Petitioner alleges his arrest without a warrant and his subsequent detention violate his rights to procedural and substantive due process. Pet. at 6.

- **Count II: Violation of the Immigration and Nationality Act ("INA").** Petitioner alleges his continued detention is unlawful and violates the INA because he was admitted to the United States and paroled through laws allowing temporary admission for Cuban nationals like him while they wait to have their statuses adjusted to permanent residency. *Id.*

- **Count III: Violation of Due Process.** Petitioner alleges he did not receive prior notice and a meaningful opportunity to respond before his arrest and detention, which violated his rights to procedural and substantive due process. *Id.* Petitioner also alleges there was "no material change in [his] situation" and he "adhered to all conditions of release." *Id.* (citation modified). Petitioner alleges ICE's revocation of his Order of Supervision was unilateral and did not follow a review by ICE. *Id.*

- **Count IV: Violation of Due Process and the INA.** Petitioner alleges his continued detention without a custody redetermination or bond hearing violates both his rights to due process and 8 U.S.C. § 1226 of the INA. Pet. at 7.

He asks the Court to "grant a writ of writ of habeas corpus" and order his "immediate release on an appropriate order of supervision." *Id.* (citation modified). Alternatively, Petitioner asks the Court to "order Respondent to conduct a prompt custody

redetermination before a neutral decision maker where ICE has the burden of proof of proving flight risk and danger to the community." *Id.*

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Analysis

### A. Section 1226(a) applies to Petitioner's detention.

The two sections of the INA at issue that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226. Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." *Id.* § 1225(a)(1) (citation modified). Under § 1225(b)(2)(A), "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained." If Petitioner is detained under § 1225(b)(2)(A), he is not entitled to a bond hearing. On the other hand, § 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))).

Petitioner alleges his continued detention and Respondent's failure to provide him with a bond hearing pursuant to § 1226(a) are unlawful and violate the INA. Pet. at 7. Respondent maintains Petitioner is properly detained under § 1225(b)(2)(A) but acknowledges *Santillan Quiroz* "control[s]" whether Petitioner is entitled to a bond hearing. Resp. at 1 & n.1.

The Tenth Circuit recently rejected the statutory interpretation of § 1225(b)(2) as urged by Respondent and applied § 1226(a) to govern detention of noncitizens like Petitioner. *Santillan Quiroz*, 180 F.4th at 1235-49. In *Santillan Quiroz*, the Tenth Circuit concluded "those who entered the United States without admission and who have lived here since are categorically unable to seek admission while they remain in the country." *Id.* at 1239 (citation modified). Accordingly, "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Id.* at 1237. Therefore, based on Tenth Circuit precedent and this Court's prior reasoning in *Coreas v. Noem*, No. CIV-26-151-J, 2026 WL 541151, at *2 (W.D. Okla. Feb. 26, 2026), the undersigned recommends the Court apply § 1226(a) to govern Petitioner's current detention. *See Imami v. Lyons*, No. CIV-26-566-J, 2026 WL 1896142, at *1-2 (W.D. Okla. July 1, 2026) (holding in accordance with *Santillan Quiroz* that a similarly situated petitioner is entitled to a bond hearing under § 1226(a)).[4]

[4] This conclusion is also in accord with persuasive authority in the First, Second, Third, Fourth, Sixth, Seventh, Ninth, and Eleventh Circuits, which rejected Respondent's statutory interpretation of § 1225(b)(2). *See Lopez Garcia v. Guardian*, --- F.4th ----, 2026

### B. Petitioner's warrantless arrest violated the INA, and the proper remedy is release.

Under § 1226(a), a noncitizen may only be arrested and detained "on a warrant issued by the Attorney General." 8 U.S.C. § 1226(a) (citation modified). Petitioner alleges his immigration detention is unlawful because he was not arrested pursuant to a warrant. Pet. at 6. Respondent does not respond to Petitioner's warrantless arrest claim or provide a copy of any warrant for Petitioner's arrest. Resp. at 1-2.

"Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a). It follows that absent a warrant a noncitizen may not be arrested and detained under section 1226(a)." *Sergio P. v. Bondi*, No. 26-cv-1538, 2026 WL 497290, at *2 (D. Minn. Feb. 23, 2026) (citation modified). Here, there is no evidence in the record of a properly issued warrant for Petitioner's arrest. Without evidence in the record, Respondent cannot rebut Petitioner's allegation he was detained without a warrant. *See Owdetallah v. Bondi*, No. CIV-25-1546-SLP, 2026 WL 483648, at *4 (W.D. Okla. Feb. 20, 2026) (holding that where "supporting facts were necessarily in ICE's possession

---

WL 2661092, at *20-21 (4th Cir. Sept. 10, 2026); *Buele Morocho v. Warden, Phila. FDC*, --- F.4th ----, 2026 WL 2546223, at *7 (3d Cir. Aug. 28, 2026); *Guerrero Orellana v. Moniz*, Nos. 25-2152, 26-1094, --- F.4th ----, 2026 WL 2352042, at *11 (1st Cir. Aug. 13, 2026); *Rodriguez Vazquez v. Bostock*, 483 F.4th 1160, 1193-94 (9th Cir. 2026); *Cirrus Rojas v. Olson*, 183 F.4th 909, 915 (7th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1285 (11th Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 722 (6th Cir. 2026); *Barbosa da Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026). In contrast, the Fifth and Eighth Circuits recently applied § 1225 to similar habeas challenges, agreeing with Respondent's position. *Avila v. Bondi*, 170 F.4th 1128, 1134-38 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498, 502-08 (5th Cir. 2026). Respondent has filed a petition for a writ of certiorari to the Supreme Court. *See* Cert. Pet., *Raycraft v. Lopez-Campos*, No. 25-1415 (filed June 22, 2026); Cert. Pet., *Cunha v. Freden*, No. 26-104 (filed July 23, 2026).

at the time of re-detention and remain within its control," the government should produce "documentation" of those facts); *cf. Sajbochol v. Figueroa*, No. CIV-26-193-J, Order, Doc. 14 at 3 (W.D. Okla. Apr. 16, 2026) (declining to adopt recommendation that noncitizen detainee be released where the government included the warrant with its objections to the Magistrate Judge's Report and Recommendation).

Without evidence of any warrant in the record, the undersigned concludes Petitioner was improperly detained pursuant to § 1226(a) without a warrant, and his detention was unlawful from the moment it began. Accordingly, the Court should grant Petitioner immediate release, subject to any appropriate order of supervision. *See, e.g.*, *Nosirov v. Gantt*, No. CIV-1036-J, 2026 WL 2255073, at *1 (W.D. Okla. Aug. 5, 2026) (ordering "immediate release," "subject to an appropriate Order of Supervision," for a noncitizen who "asserted he was not arrested pursuant to a warrant," where the government had "provided no warrant" or "substantively addressed Petitioner's claim that his arrest was unlawful because it was not performed pursuant to a warrant" (citation modified)); *Aguilar-Huanga v. Figueroa*, No. CIV-26-115-J, 2026 WL 821474, at *3 (W.D. Okla. Mar. 25, 2026) (ordering immediate release, "subject to an appropriate Order of Supervision," for a noncitizen who had been detained under § 1226(a) where his "arrest was warrantless"); *Singh v. Bondi*, No. CIV-26-43-J, 2026 WL 483651, at *12 (W.D. Okla. Feb. 12, 2026) (recommending "immediate release, subject to any conditions of his prior bond," for a noncitizen detained under § 1226(a) where no warrant was issued for his arrest), *adopted*, 2026 WL 483482 (W.D. Okla. Feb. 20, 2026).

Other courts outside this District have similarly ruled. *See, e.g.*, *Canedo-Luna v. Valdez*, No. 26-CV-2094, 2026 WL 1753563, at *4 (D. Colo. June 18, 2026) (citing this Court's order in *Singh* and ordering immediate release under § 1226(a) for a similarly situated petitioner who "clearly alleges circumstances surrounding her arrest, which render the existence of a warrant highly unlikely," when the respondents "have not controverted any of these allegations"); *Djiwaje v. Bondi*, No. 26-CV-344, 2026 WL 926753, at *3-4 (D. Nev. Apr. 6, 2026) (citing this Court's order in *Singh* and ordering immediate release after finding no lawful administrative warrant had been issued for petitioner's arrest under § 1226(a)); *Laura E.P.G. v. Bondi*, No. 26-560, 2026 WL 242266, at *1 (D. Minn. Jan. 29, 2026) ("Where, as here, (1) Respondents erroneously assert that a detainee is being held pursuant to § 1225(b)(2); and (2) Respondents have not produced a warrant, as is required to effectuate an arrest pursuant to § 1226(a)—indeed, Respondents have failed to produce any documentation supporting Petitioner's detention—the appropriate remedy is release from custody."); *Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. 2025) ("To put it simply, Petitioners' detentions are improper because there is no evidence in the record that they were arrested pursuant to a warrant. Since the Government did not comply with the plain language of section 1226(a), their immediate release is justified.").

### C. The Court should decline to address Petitioner's remaining claims because at most they would entitle him to a bond hearing.

Petitioner also argues his continued detention without a bond hearing violates § 1226(a) of the INA and his rights to due process. Pet. at 6-7. If the Court adopts the undersigned's recommendation and orders Petitioner's release because he was not arrested

pursuant to a warrant, the Court should decline to decide the merits of Petitioner's remaining claims based on his detention (i) without notice or opportunity to respond and (ii) without an individualized bond hearing. *See, e.g.*, *Coreas*, 2026 WL 541151, at *2 (declining to decide the merits of a petitioner's due process claim when granting a bond hearing pursuant to § 1226(a)). At most, Petitioner's INA and due process claims based on his continued detention entitle him to a bond hearing pursuant to § 1226(a), consistent with this Court's prior rulings and Tenth Circuit precedent. *See Santillan Quiroz,* 180 F.4th at 1251 n.13; *see also Imami*, 2026 WL 1896142, at *2 (concluding "the appropriate remedy" is for "Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a)").[5] Further, this Court has consistently declined to order burden shifting. *See, e.g., Singh v. Grant*, No. CIV-26-279-J, 2026 WL 1035100, at *1-2 (W.D. Okla. Apr. 16, 2026) (declining to reach the petitioner's due process claims and concluding burden shifting to the government in a § 1226(a) bond hearing is premature and not ripe for adjudication before a bond hearing has been conducted).

[5] While Judges in this District have ordered release for noncitizens whose earlier parole was improperly revoked, Petitioner here has not sufficiently raised a claim alleging that the circumstances of his parole revocation and re-detention entitle him to release rather than a bond hearing—if Petitioner is not released due to his arrest without a warrant. *Accord Ewere v. Cerna*, No. CIV-26-320-SLP, 2026 WL 1207088, at *2 (W.D. Okla. May 4, 2026) (ordering release where ICE improperly revoked petitioner's prior humanitarian parole). Further, this Court has found in analogous circumstances that termination of humanitarian parole under 8 U.S.C. § 1182(d)(5)(A) provides "no avenue for relief." *Todyrenchuk v. Warden of Diamondback Corr. Facility*, No. CIV-26-1243-J, 2026 WL 2186977, at *2 n.2 (W.D. Okla. July 29, 2026). Accordingly, the undersigned does not address such a claim or recommend Petitioner's release based on revocation of his parole.

For the same reasons, the Court should decline to decide the merits of any claim by Petitioner under the Cuban Adjustment Act. He did not include sufficient allegations in the Petition that would allow the Court to determine any different form of habeas relief is proper under the Cuban Adjustment Act. *See Concha-Gonzales v. Noem*, No. 26-cv-1, 2026 WL 194178, at *4-5 (D. Colo. Jan. 26, 2026) (ordering a bond hearing pursuant to § 1226(a) when the petitioner was detained while he had a pending application for adjustment of status under the Cuban Adjustment Act); *Machado v. Noem*, Civ. No. 26-1449, 2026 WL 1453899, at *2 & n.1 (D.N.J. May 22, 2026) (same).

## V. Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **GRANT in part** the Petition for habeas relief by ordering Respondent to release Petitioner immediately subject to an appropriate order of supervision. The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than **September 23, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 16th day of September, 2026.

Chris M. Stephens

CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE